GRODIN PROPERTIES, INC., a Florida Corporation, v. BLANCHE T. NEUFELD, as Executrix of the estate of RALPH NEUFELD, deceased; GUSTAVE NEUFELD and MARTIN SOLOMON, as Trustee; REBECCA NEUFELD, a widow; PARSONS, INC., a Florida Corporation; SUTTON JEWELRY COMPANY, a Florida Corporation; and PHIL DAVIS, INC., a Florida Corporation.

8 So. (2nd) 35        En Banc

March 24, 1942       On Rehearing May 8, 1942

Rehearing Denied June 2, 1942

George L. Patterson, and Knight & Green, for appellant;

Redfearn & Ferrell for Appellee Blanche T. Neufeld, et al., Stanley C. Myers, for Appellee Phil Davis, Inc., Uly O. Thompson, for Appellee Sutton Jewelry Company.

PER CURIAM:

Appellant as complainant filed his bill of complaint against appellees for an accounting and for other purposes. The original bill was dismissed for want of equity and an amended bill was filed in its place. A motion to strike the amended bill was granted and the cause was later dismissed. This appeal is from both decrees.

The question presented is whether or not the bill as amended contains equity.

The basis of the suit is a contract entered into between appellant and Rebecca Neufeld in December, 1930.

Appellees contend that the allegations of the amended bill of complaint are insufficient, that the contract giving rise to the suit was a nudum pactum, but if not so, it was contrary to the statute of frauds and void for laches. We have examined the briefs and record on these points and while we reserve any decision on the point of laches, we cannot say that the bill as amended wholly failed to state a cause in other respects.

The judgment appealed from is accordingly reversed.

Reversed.

WHITFIELD, TERRELL, BUFORD and CHAPMAN, JJ., concur.

BROWN, C. J., THOMAS and ADAMS, JJ., dissent.

PER CURIAM:

An examination of the record and briefs fails to disclose any reversible error, therefore, the decree is affirmed.

BROWN, C. J., BUFORD, THOMAS and ADAMS, JJ., concur.

WHITFIELD, TERRELL and CHAPMAN, JJ., dissent.